**EXCHANGE NATIONAL BANK OF WINTER HAVEN, a banking corporation, as Executor and Trustee of and under the Last Will and Testament of Richard A. Smith, v. MARY H. SMITH, a widow, and E. H. WHITE.**

27 So. (2nd) 291                                                    June Term, 1946
August 2, 1946                                                          En Banc
Rehearing denied September 12, 1946

*W. H. Hamilton, E. R. Baker* and *H. Gunter Stephenson,* for appellant.

*H. C. Crittenden,* for appellees.

ADAMS, J.:

The appellees, Mary H. Smith and E. H. White, recovered a judgment against the Exchange National Bank of Winter Haven as executor and trustee of and under the will of Richard A. Smith. The action was filed in 1943 based on the common counts and a special count alleging:

"That on the 7th day of January, 1924, the said Richard A. Smith, now deceased, was indebted to the plaintiffs in the sum of $1678.21, balance due of moneys collected by the said Richard A. Smith, for the use of Mrs. E. H. White, also known as Mary J. White, a widow, of Anniston, Alabama, now deceased, the mother-in-law of the said Richard A. Smith, now deceased, and mother of the plaintiffs, herein, during her lifetime, and after the demise of Mrs. E. H. White, for the use of the plaintiffs herein; that the said Richard A. Smith, now deceased, was during 1920 and until his death, the husband of Mary H. Smith, one of the plaintiffs herein, that during the

lifetime of Mrs. E. H. White and thereafter on account of family connections, there existed between Mrs. E. H. White and Richard A. Smith, deceased during her lifetime, and between plaintiffs and the said Richard A. Smith after the demise of Mrs. E. H. White, a relationship of personal trust and confidence, and personal trust and confidence was reposed in Richard A. Smith, deceased, by Mrs. E. H. White and plaintiffs; that the said Richard A. Smith voluntarily agreed to collect the moneys, aforementioned, and account to Mrs. E. H. White, now deceased, therefor; that the said Richard A. Smith, during his lifetime, failed to pay the sum aforementioned over to Mrs. E. H. White, during her lifetime, or any part thereof, or to pay same over to plaintiffs after her demise."

Among other pleas, the defendant filed a plea of the three year statute of limitations and another that Richard A. Smith died in 1939 and defendant was appointed executor and trustee of his estate; that in November, 1939, notice was given to creditors pursuant to statute and plaintiffs failed to file their claim within the eight months as required by law. Demurrer was overruled as to these pleas and plaintiffs were allowed to reply by replication. The replication is a restatement of the special court, but in more detail, attempting to set forth the facts to substantiate a voluntary trust. Demurrer was overruled to this replication and the case was tried before the court, after a jury was waived, resulting in a judgment for plaintiffs.

If the trust feature is absent then the plaintiffs must fail. Having come to the conclusion that in this case there is no basis to sustain the trust, we will not consider other questions. Plaintiffs, to a large extent, rely on Browder v. DaCosta, 91 Fla. 1, 109 So. 448. We have examined this case and are of the opinion that it does not control. The distinguishing features are that in Browder v. DaCosta the voluntary trust arose out of the relationship of attorney and client. The attorney collected the funds and so advised the client, who indulged the attorney, his close friend and confidant, to retain the money. During the life of the parties the account remained current. Here the case is quite different.

Richard A. Smith sold land which had been deeded to him by his father-in-law and mother-in-law in 1920. The mother-in-law died in 1923 without taking any steps to liquidate the account. Smith's wife, one of the plaintiffs here, made several demands on her husband for the money from 1923 to 1929, but made no further demand after 1929 because he would "get mad." Thereafter the matter was dormant. In the meantime Smith and his wife lived together until his death in 1939; she was the housewife and he made the living.

The trust feature of the case being absent and the evidence being adequate to sustain the pleas of the statute of limitations and of non claim, the judgment is reversed with directions to dismiss the action.

Reversed.

TERRELL, BROWN, BUFORD and THOMAS, JJ., concur.

CHAPMAN, C. J., dissents.

SEBRING, J., not participating.